UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

PATRICIA VALENTINE                          *        CIVIL ACTION

versus                                      *        NO. 05-0570

CITY OF NEW ORLEANS, ET AL.                 *        SECTION "F"

ORDER AND REASONS

Before the Court is the plaintiff's motion for relief from judgment and to vacate dismissal. The plaintiff requests that this Court vacate its August 29, 2006 Order dismissing her claims without prejudice for failure to prosecute. Defendants oppose the motion.

The record is woefully replete with plaintiff counsel's cavalier failure to comply with Court rules and orders, cooperate with defense counsel in moving this case to resolution, or file any responsive pleadings or motions whatsoever. Since this suit was removed from state court on February 17, 2005, plaintiff has sought no relief from this Court, filed nothing in the record, and participated in no discovery. Indeed, the present motion for relief from judgment and to vacate dismissal is the very first and only signal from plaintiff's counsel that he is participating in

1

the prosecution of this lawsuit.[1]

Other examples of plaintiff's failure to prosecute this matter include that: (1) the case was placed on the call docket twice and a former co-defendant, Winn-Dixie, was ultimately dismissed on August 17, 2005 for failure to prosecute; (2) the discovery cut-off date was August 8, 2006 and the trial was set for September 18, 2006, both dates passed without any acknowledgment by plaintiff's counsel; (3) plaintiff has not propounded any discovery, despite defendants' attempts to conduct discovery, including plaintiff's failure to respond whatsoever to an order compelling plaintiff to respond to discovery on July 7, 2006; (4) plaintiff has never opposed any of the defendants' motions.[2]  There has been no response whatsoever from plaintiff's counsel, no request for additional time, no letter or correspondence to defense counsel or the Court, notwithstanding defense counsel's diligent efforts to engage in discovery and move this case forward.  Simply stated, counsel's neglect has been bizarre.[3]

---

[1] The Court notes, however, that the record suggests that plaintiff's counsel did participate in the Scheduling Conference held on December 12, 2005.

[2] Plaintiff failed to submit an opposition to either the defendants' motion to compel and for sanctions, which was granted in part by the magistrate judge, or the motion to dismiss, which this Court granted on August 29, 2006.

[3] Counsel offers as excuses displacement from Hurricane Katrina and issues regarding the care of an ill child.  Although the excuses could under other circumstances be considered to be perhaps reasonable, they are not acceptable in this case.  The

The plaintiff now notes that this Court's August 29 Order dismissing the plaintiff's claims without prejudice for failure to prosecute was effectively a dismissal with prejudice because of the statute of limitations applicable to plaintiff's claims. See Berry v. CIGNA-RSI-CIGNA, 975 F.2d 1188 (5th Cir. 1992). Dismissal with prejudice is an extreme sanction because it deprives the plaintiff of the opportunity to pursue her claim. see id.; Sealed Appellant v. Sealed Appellant, 452 F.3d 415, 417 (5th Cir. 2006). The Fifth Circuit instructs plaintiff should not yet be personally penalized. And, there is no suggestion that plaintiff herself, and not her counsel, is responsible for the failure to prosecute this lawsuit. Thus, in the interests of justice, to avoid punishing the plaintiff herself for her attorney's inexcusable lapses, this Court is enjoined to consider and impose lesser sanctions. Future lapses by plaintiff's counsel will not be tolerated, and will receive this Court's strict scrutiny.

Accordingly, IT IS ORDERED: that the plaintiff's motion for relief from judgment and to vacate dismissal is GRANTED; this matter is reopened;

IT IS FURTHER ORDERED: that the filing of appropriate responsive pleadings shall be made not later than October 27, 2006;

---

Court notes that counsel never troubled himself to contact the Court or request continuance of any scheduled obligation he was to meet.

IT IS FURTHER ORDERED: that the plaintiff's counsel, Bernard J. Bagert, Jr., is hereby sanctioned in the amount of $5,000.00, to be paid to the Clerk of Court, United States District Court for the Eastern District of Louisiana not later than October 27, 2006. Failure to comply with this Order in every respect could result in dismissal.

New Orleans, Louisiana, October 13, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE